IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3079-FL

| | | |
|---|---|---|
| WILLIAM C. CARAWAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHN MCLARTY, RONALD MAYES, C/O SLEDGE, NATHANIAL BUCHANAN, C/O DEMBOWSKI, and C/O ALSTON, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state inmate, filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motions to amend (4, 8, 11, 15) and motion for joinder (DE 3). In this posture the issues raised are ripe for adjudication.

The court ALLOWS plaintiff's April 1, 2014, first motion to amend as a matter of course. See Fed. R. Civ. P. 15(a). Because the court allows plaintiff the opportunity to particularize his allegations as set forth below, the court DENIES as FUTILE plaintiff's subsequent motions to amend his complaint. See Scott v. Family Dollar Stores, Inc., 733 F.3d 105, 121 (4th Cir. 2013) (citing Laber v. Harvey, 438 f.3d 404, 426-27 (4th Cir. 2006)).

The court now conducts a frivolity review of both plaintiff's complaint and first amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Upon a review of plaintiff's filings, the court is unsure what specific claims he is attempting to make. Accordingly, plaintiff may particularize his

allegations by filing <u>one</u> amended complaint specifically stating the injury stemming from defendants' actions or inactions and the alleged facts to support his claim. Plaintiff further is on notice that he must connect the named defendants with the alleged conduct which resulted in the alleged constitutional violation. Further, plaintiff is reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Finally, plaintiff is on notice that any amended pleading will constitute the complaint in its entirety, and the court will not comb his previous filings to glean any misplaced claims.

As for plaintiff's motion for joinder, plaintiff's motion seeks to consolidate this action with an action he previously filed in <u>Carawan v. Kornegay</u>, No. 5:13-CT-3244-F (E.D.N.C. 2014) (<u>Carawan I</u>). <u>Carawan I</u> was dismissed as frivolous on July 7, 2014. Because <u>Carawan I</u> no longer is pending, plaintiff's motion to join the instant action with <u>Carawan I</u> is DENIED.

In summary, plaintiff's first motion to amend (DE 4) is GRANTED, and his remaining motions to amend (DE 8, 11, 15) are DENIED as FUTILE. Plaintiff's motion for joinder (DE 3) is DENIED. Plaintiff has fourteen (14) days from the date of this order to particularize his claims. Failure to comply with this court's order will result of dismissal of these claims without prejudice.

SO ORDERED, this the 2nd day of September, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge