IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3079-FL

| | | |
|---|---|---|
| WILLIAM C. CARAWAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHN MCLARTY, RONALD | ) | |
| MAYES, C/O SLEDGE, NATHANIAL | ) | |
| BUCHANAN, C/O DEMBOWSKI, and | ) | |
| C/O ALSTON, | ) | |
| | ) | |
| Defendants. | ) | |

The matter comes before the court on plaintiff's motion for an extension of time (DE 27) and response to the court's September 2, 2014, order directing him to particularize his complaint. In this posture the issues raised are ripe for adjudication.

The court begins with plaintiff's response to the court's September 2, 2014, order directing him to particularize his complaint. In that order, the court directed plaintiff to comply with Federal Rule of Civil Procedure 8 which directs that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff has not complied with the court's order in that plaintiff filed at least nine documents in response to the court's September 2, 2014, order, including one filing that is sixty-nine (69) pages in length.

The court must liberally construe the filings of *pro se* litigants. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). However, there are limits to which the court may go in dealing with such

filings.  See Bender v. Suburban Hosp., Inc., 159 F.3d 186, 192 (4th Cir. 1998) ("[N]otice pleading

requires generosity in interpreting a plaintiff's complaint.  But generosity is not fantasy."); see also

Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous

construction of *pro se* complaints are not, however, without limits.").  Plaintiff has breached those

barriers.  The court understands that "'[w]hat constitutes a short and plain statement must be

determined in each case on the basis of the nature of the action, the relief sought, and the respective

positions of the parties in terms of the availability of information and a number of other pragmatic

matters.' " Chao v. Rivendell Woods, Inc., 415 F.3d 342, 346-47 (4th Cir. 2005) (quoting 5 Charles

Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1217, at 240-41 (3d ed. 2004)).

However, plaintiff's filings naming at least seventeen (17) defendants and numerous claims are so

confusing that the court cannot put the matter into a manageable form to make the requisite

determinations.  Accordingly, the interests of judicial economy do not permit plaintiff to pursue his

"mishmash of a complaint" in its current form.  See George v. Smith, 507 F.3d 605, 607 (7th Cir.

2007).

    Generally, a court may not dismiss a claim pursuant to Rule 8 without first providing the

plaintiff an opportunity to amend his complaint.  See Owens v. Hunt, 165 F.3d 911, at *1 (4th Cir.

Nov. 10, 1998).  Accordingly, the court provides plaintiff fourteen (14) days from the date of this

order to file one amended complaint.  Any amended complaint should state precisely whom plaintiff

seeks to name as defendants and avoid unnecessary details.  Plaintiff should briefly mention the

specific events and correlating dates which are the basis for suit and the constitutional rights

violated.  Plaintiff is notified that the court must focus on how the events proffered by plaintiff

affected him, specifically the injury he sustained, and by whom it was inflicted.  Any amended

complaint <u>must</u> be shorter and clearer than the existing complaint and supporting memorandum. Plaintiff is not required to provide any evidentiary support for his claims at this time, and his efforts to do so are not helpful to the court. Plaintiff additionally is notified that his amended complaint may include only those claims for which he has completely exhausted his administrative remedies. <u>See</u> 42 U.S.C. § 1997e(a); <u>see</u> <u>Woodford v. Ngo</u>, 548 U.S. 81, 84 (2006). Plaintiff's amended complaint will be considered the complaint in its entirety.

The court now turns to plaintiff's motion for an extension of time. Because the court has provided plaintiff an additional opportunity to comply with its September 2, 2014, order directing him to particularize his complaint, plaintiff's motion for an extension of time is DENIED as MOOT.

In summary, plaintiff's motion for an extension of time (DE 27) is DENIED as MOOT. Plaintiff has fourteen (14) days from the date of this order to submit his amended pleading in compliance with the directions set forth above. Failure to respond to this court's order or to comply with the above-stated instructions will result in dismissal of this action without prejudice.

SO ORDERED, this the 7th day of November, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

3