IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3079-FL

| | | |
|---|---|---|
| WILLIAM C. CARAWAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHN MCLARTY, RONALD MAYES, C/O SLEDGE, NATHANIAL BUCHANAN, C/O DEMBOWSKI, C/O ALSTON, MR. MOBLEY, SERGEANT MINTZER, SERGEANT HARRIS, SERGEANT GARDNER, PATRICIA ALSTON, OFFICER GILL, OFFICER HARGROVE, OFFICER JONES, OFFICER LYNCH, OFFICER MOSELEY, and OFFICER SHANKWEILER, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

The matter comes before the court on plaintiff's motion to expand the number of interrogatories (DE 80), motions to have his original documents returned (DE 84, 90), motion for leave to file his "Affidavit of Evidence" (DE 85), and motion to take depositions (DE 95). Also before the court is defendants' motion for an extension of time to complete discovery and to file dispositive motions (DE 94). Defendants responded to plaintiff's motion to expand the number of interrogatories, motion to file his "Affidavit of Evidence," and motion to take depositions. The parties did not respond to the remaining motions.

A.      Motion to Extend the Number of Interrogatories

Plaintiff requests that the number of interrogatories he is allowed to send each defendant be expanded from 25 to 55.  See Fed. R. Civ. P. 33(a)(1) (limiting the number of written interrogatories to "no more than 25").  Plaintiff contends he needs the additional interrogatories "in order to prevent repetitive filing."  The court finds that plaintiff has not alleged sufficient grounds to expand the limit on interrogatories in this case.  See Lykins v. Attorney General of the United States, 86 F.R.D. 318, 318 (E.D. Va. 1980) (enforcing a local rule's limit on the number of interrogatories where the plaintiff "simply alleged the presence of 'multiple issues' and ... referred to the 'complex nature' of the case").  Thus, plaintiff's motion is DENIED.

B.      Motion for Leave to File "Affidavit of Evidence" and Motions to Return Documents

Plaintiff seeks leave of court to file an "Affidavit of Evidence," as well as voluminous attached exhibits.  The court previously has cautioned plaintiff that any evidentiary material for which he seeks the court's consideration must only be submitted in support of a properly filed motion for summary judgment.  See ((DE 72), p. 2.)  For this same reason, plaintiff's motion for leave to file his "Affidavit of Evidence" and supporting exhibits is DENIED.  The clerk of court is DIRECTED to STRIKE this pleading from the record and return the "Affidavit of Evidence" and exhibits to plaintiff.  As a result, plaintiff's motion requesting that the court return the exhibits he filed in support of his "Affidavit of Evidence" is DENIED as MOOT.

On a related note, plaintiff also filed a motion requesting that the court return docket entries 80-88.  See (DE 90).  The court previously has returned isolated documents to plaintiff in this case.  See (DE 72, 77.)  However, plaintiff's requests for the return of his filings has increased and become burdensome.  Thus, plaintiff's second motion for the return of documents is DENIED.  The court

2

further informs plaintiff that the documents he requests are within the custody of the clerk of court's office. Plaintiff must make his copy requests directly to the clerk's office along with payment, at the rate of fifty cents (.50¢) per page, for copies of the documents he requests.

C. Motion to Take Depositions

Plaintiff filed a motion to take the deposition of both identified and unidentified fellow inmates. Plaintiff, however, failed to comply with Federal Rule of Civil Procedure 30(b), which provides instruction on how a party may notice a deposition. Although plaintiff is proceeding *pro se,* he still is required to comply with the discovery rules set forth in the Federal Rules of Civil Procedure. See Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (stating that *pro se* litigants must meet certain standards, including "respect for court orders without which effective judicial administration would be impossible."); see also, Dancy v. Univ. of N.C. at Charlotte, No. 3:08-cv-166-RJC-DCK, 2009 WL 2424039, at *2 (W.D.N.C. Aug.3, 2009) ("Although *pro se* litigants are given liberal treatment by courts, even pro se litigants are expected to comply with time requirements and other procedural rules without which effective judicial administration would be impossible.") (internal quotations omitted). Thus, plaintiff's motion is DENIED.

D. Motion to Appoint Counsel

Plaintiff requests that the court appoint him counsel to assist with the discovery process. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds

3

by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Plaintiff has demonstrated through the detail of his filings he is capable of proceeding *pro se*. Additionally, plaintiff's claim is not complex and is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

E.    Motion for an Extension of Time

Defendants request an extension of the discovery and dispositive motions deadlines. For good cause shown, defendants' motion is GRANTED. The discovery deadline is April 18, 2016, and the dispositive motion deadline is May 8, 2016.

In summary, the court orders as follows:

1) Plaintiff's motion for an order extending the number of interrogatories (DE 80) is DENIED;

2) Plaintiff's motion to file his "Affidavit of Evidence" (DE 85) is DENIED, and the clerk of court is DIRECTED to STRIKE plaintiff's proposed affidavit and exhibits from the record, and to return the documents to plaintiff. Plaintiff may re-file these materials in support of, or in opposition to, a properly filed motion for summary judgment;

3) Plaintiff's first motion to return documents (DE 84) is DENIED as MOOT, and his second motion (DE 90) is DENIED.

4) Plaintiff's motion to take depositions (DE 95) is DENIED;

4

5) Defendants' motion for an extension of time (DE 94) is GRANTED. The discovery deadline now is April 18, 2016, and the dispositive motion deadline now is May 8, 2016.

SO ORDERED, this the 11th day of April, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge